**E-Filed 10/14/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case Number 5:09-cv-05124-JF/HRL |
| Plaintiff, | ORDER[1] GRANTING IN PART MOTION FOR DEFAULT JUDGMENT |
| v. | |
| SERGIO SANTANA GUZMAN, INDIVIDUALLY and d/b/a TACOS SANTANA; and BESAG, INC., an unknown business entity d/b/a TACOS SANTANA, | |
| Defendants. | |

    Plaintiff J & J Sports Productions, Inc. ("Plaintiff") moves for entry of default judgment in the amount of $111,200.00 against Defendants Sergio Santana Guzman ("Guzman") and Besag, Inc., doing business as Tacos Santana ("Tacos Santana"), (collectively, "Defendants") for damages stemming from Defendants' alleged violation of 47 U.S.C. § 605(a) and conversion of Plaintiff's property. The Court has considered the moving papers and the oral argument of Plaintiff's counsel presented at the hearing on October 8, 2010. For the reasons discussed below, the motion will be granted in part.

///

---

[1] This disposition is not designated for publication in the official reports.

## I. Background

**A.  Procedural history**

Plaintiff filed the instant action on October 28, 2009.  On May 15, 2010, Plaintiff served the complaint on both Defendants by substitute service at 330 Chukar Court, Tracy, California 95376.  (Docket No. 10.)  On June 21, 2010, Plaintiff moved for entry of default and served the motion by mail.  (Docket No. 12.)  The clerk entered default on June 23, 2010; however, the clerk's notice of the entry of default was returned on June 30, 2010 as undeliverable.  (Docket No. 18.)  Plaintiff then moved for default judgment on July 29, 2010, serving Defendants by mail on the same day.  (Docket No. 19.)  Defendants have not appeared or responded to the complaint or to Plaintiff's motion for entry of default judgment.

**B.  Factual history**

Plaintiff is a distributor of sports and entertainment programming.  It purchased the rights to broadcast a November 1, 2008 boxing match between Julio Cesar Chavez, Jr. and Matt Vanda, together with undercard bouts, televised replay, and color commentary (collectively, the "Program").  It then entered into sublicenses with third parties such as casinos, bars, and social clubs, allowing the sublicensees to exhibit the Program to their patrons.  The Program was broadcast in interstate commerce via an encrypted transmission, and only Plaintiff's sublicensees were entitled to decrypt that transmission.

On the day of the broadcast, Gary Gravelyn ("Gravelyn") observed an exhibition of the Program in Tacos Santana, although Defendants were not sublicensees entitled to exhibit the Program.  Gravelyn entered Tacos Santana without paying a cover charge and observed the Program on a flat screen television above the bar and on a large projection against a brick wall.  (Docket No. 19, Ex. 3.)  Between 8:30 p.m. and 8:35 p.m., he performed three headcounts, noting the presence of twenty-eight, twenty-nine, and twenty-nine people with each respective headcount.  (*Id.*)  He estimates that Tacos Santana has the capacity to hold approximately 150 people.  (*Id.*)  He did not observe either a satellite dish or a cable box.  (*Id.*)

///

///

## II. Discussion

Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and $1,200 in damages for conversion. Plaintiff also alleges that Defendants have violated 47 U.S.C § 553(a), which provides for statutory damages pursuant to subsection (c)(3)(A)(ii) and enhanced damages pursuant to subsection (c)(3)(B).

**A.   Whether to apply 47 U.S.C. § 605 or 47 U.S.C § 553**

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1 (1944); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Plaintiff seeks damages pursuant to § 605, which "requires proof that a defendant has '(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff.'" *California Satellite Systems v. Seimon*, 767 F.2d 1364, 1366 (9th Cir. 1985) (citing *National Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981)). Plaintiff alleges in its complaint that it transmitted the Program, that Defendants unlawfully intercepted the Program, and that Defendants exhibited the Program. (Complaint ¶¶ 10-13.)

However, § 605 applies only to intercepted "radio" communications or broadcasts through the air, such as satellite broadcasts. *J & J Sports Productions, Inc. v. Man Thi Doan*, No. C-08-00324 RMW, 2008 WL 4911223, at *2 (N.D. Cal. Nov. 13, 2008) (citing *United States v. Norris*, 88 F.3d 462 (7th Cir. 1996)). The pleadings do not allege that Defendants intercepted a satellite broadcast, and Gravelyn declares that he did not observe a satellite dish at Tacos Santana. (Docket No. 19, Ex. 3.) Plaintiff contends that it has been unable to ascertain whether Defendants utilize a satellite dish only because Defendants have refused to answer and appear in the instant case. Nonetheless, the Court may not enter default judgment if the factual allegations in the pleadings are insufficient to establish liability.

At the same time, the complaint also asserts a claim under 47 U.S.C. § 553, which "prohibits a person from 'intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving

any communications service offered over a cable system.'" *Man Thi Doan*, 2008 WL 4911223 at *2 (quoting 47 U.S.C. § 553(a)(1)) (alterations in the original).  While Gravelyn did not observe a cable box, (Docket No. 19, Ex. 3), it is undisputed that Defendants intercepted the broadcast by some means, and a cable box is hidden more easily than a satellite dish.  *Accord J & J Sports Productions, Inc. v. Guzman et al.*, 3:08-cv-05469-MHP, 2009 WL 1034218, at *2 (N.D. Cal. April 16, 2009).  Accordingly, Plaintiff's allegations are sufficient for present purposes to establish Defendants' liability under § 553(a)(1).

### 1. Statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii)

An aggrieved party may recover either actual damages pursuant to § 553(c)(3)(A)(i) or statutory damages pursuant to § 553(c)(3)(A)(ii).  A court may award statutory damages of "not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii). While the violation in the instant case does not appear to be particularly egregious, Plaintiff requests the statutory maximum, noting that at least one other district court has awarded the maximum statutory damages available under § 605 under similar circumstances.  *See J & J Sports Productions, Inc. v. Flores*, No. 1:08cv0483 LJO DLB, 2009 WL 1860520, at *2 (E.D. Cal. June 26, 2009) (awarding $10,000 in damages for the violation of § 605(a) in an establishment without a cover charge and containing thirty-five people); *J & J Sports Productions, Inc. v. George*, No. 1:08cv090 AWI DLB, 2008 WL 4224616, at *2 (E.D. Cal. Sept. 15, 2008) (awarding $10,000 in damages for the violation of § 605(a) in an establishment without a cover charge and containing thirty people).

Plaintiff also contends that the maximum award is necessary to deter future violations, pointing to three other cases in which the defendants in this case were found liable for similar violations.  In *J & J Sports Productions, Inc. v. Guzman et al*, 3:09-cv-02866-VRW (N.D. Cal. Sept. 10, 2010), the court awarded $10,000 in statutory damages and $30,000 in enhanced damages for a violation of § 605.  In *Kingvision Pay-Per-View, Ltd. v. Guzman et al.*, 3:09-cv-00217-CRB, 2009 WL 1475722, at *3 (N.D. Cal. May 27, 2009), the court awarded $4,000 in statutory damages and $2,000 in enhanced damages again for a violation of § 605.  In *J & J Sports Productions, Inc. v. Guzman et al.*, 2009 WL 1034218, at *3-4, the court awarded

4

$4,000 in statutory damages for a violation of § 553.

However, because each of these other cases was filed subsequent to the broadcast at issue here, it is not clear that an award of the maximum statutory damages in this instance is necessary to deter Defendants from committing future violations.  Defendants have incurred $50,000 in liability for similar wrongful acts, and Plaintiff has not shown that Defendants have engaged in such acts subsequent to the entry of the other adverse judgments.   The lack of a cover charge and the relatively low number of patrons present during the unlawful exhibition at issue here suggest that maximum damages are unwarranted.  The Court finds that an award of $5,000 is sufficient under the circumstances.

**2.    Enhanced damages pursuant to  47 U.S.C. § 553(c)(3)(B)**

47 U.S.C. § 553(c)(3)(B) provides that in the case of a willful violation for purposes of commercial advantage or private gain, "the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000."  Plaintiff alleges that Defendants' interception of the program was willful and for purposes of commercial advantage or private gain. (Complaint ¶ 14.)  Facts alleged in the pleadings are binding upon the defaulting party. *Geddes*, 559 F.2d at 560.  Tacos Santana is a commercial establishment.  Plaintiff alleges that the broadcast was encrypted, making it exceedingly unlikely that Defendants could have intercepted the broadcast unintentionally.

As further evidence of willfulness, Plaintiff again directs the Court's attention to the other cases in this district in which default judgments were entered against Defendants for similar actions. *J & J Sports Productions, Inc. v. Guzman et al*, 3:09-cv-02866-VRW (N.D. Cal. Sept. 10, 2010); *Kingvision Pay-Per-View, Ltd. v. Guzman et al*., 2009 WL 1475722 (N.D. Cal. May 27, 2009); *J & J Sports Productions, Inc. v. Guzman et al*., 2009 WL 1034218 (N.D. Cal. April 15, 2009).  These other cases are evidence of a pattern of improper exhibitions and sufficient to demonstrate – at least for purposes of a default judgment – that Defendants acted willfully in this instance.

While it seeks the maximum award, Plaintiff also has directed the Court's attention to *Joe Hand Promotions, Inc. v. Cat's Bar, Inc.*, No. 08-4049, 2009 WL 700125, at *3 (C.D. Ill. March

16, 2009), which calculated enhanced damages by multiplying the fee that the defendant would have paid to exhibit the program lawfully by the number of patrons in the establishment at the time. Here, Plaintiff contends that the sublicensing fee for an exhibition of the Program was $1,200. Multiplying that amount by the average number of patrons present in the bar (28.66) results in an award of $34,400. The Court concludes that enhancing the damages by $34,400 is appropriate under the circumstances. The details of the violation are not egregious, but at the same time Defendants' liability is not in dispute, and it is clear that Defendants acted willfully to intercept the Program.

**B.  Damages for conversion**

As a result of Defendants' default, the facts alleged in the pleadings are sufficient to establish that Defendants wrongfully denied Plaintiff ownership of the right to control the exhibition the Program and therefore are sufficient to establish that Defendants are liable for the tort of conversion. *See Culp v. Signal Van & Storage*, 142 Cal. App. 2d Supp. 859, 862 (Cal. App. Dep't Super. Ct. 1956). Pursuant to Cal. Civ. Code § 3336, Defendants are liable for the value of the property at the time of the conversion. Accordingly, Plaintiff is entitled to recover the sublicensing fee of $1,200.

### III.  CONCLUSION

Plaintiff's motion is granted in part. Plaintiff shall recover $5,000 in statutory damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), $34,400 in enhanced damages pursuant to 47 U.S.C. § 553(c)(3)(B), and $1,200 pursuant to Cal. Civ. Code § 3336.

IT IS SO ORDERED.

DATED: 10/14/10

_____
JEREMY FOGEL
United States District Judge